**ELMER CANDY CO., Inc., v. FAUNTLEROY, Collector of Internal Revenue.**

District Court, E. D. Louisiana. May 13, 1927.

No. 18343.

Internal revenue ⊜⟶11—"Price for which sold," for computation of sales tax, is price paid by purchaser (Revenue Act 1918, § 900 [Comp. St. § 6309⅘a]).

Under Revenue Act 1918, § 900 (Comp. St. § 6309⅘a), imposing a tax on sales of articles by the manufacturer, producer, or importer of a percentage of the "price for which so sold," the price for which sold, and which measures the tax, is the amount paid by the purchaser, and it cannot be diminished by the amount of the tax, because the seller agrees to absorb it in the price.

At Law. Action by the Elmer Candy Company, Inc., against John Y. Fauntleroy, Collector of Internal Revenue. Judgment for defendant.

Henry W. Robinson, of New Orleans, La., for plaintiff.

T. M. Logan Bruns, Asst. U. S. Atty., of New Orleans, La., and Charles T. Hendler, Sp. Atty. Bureau of Internal Revenue, of Washington, D. C., for the United States.

BURNS, District Judge. The plaintiff corporation is a manufacturer and wholesale vendor of candy. It prays for a judgment against the defendant collector of internal revenue for the refund of some $2,174.14, which claim had, on formal application, been rejected by the Commissioner of Internal Revenue.

The plaintiff admits that sale of its product was taxable under subdivision 9 of section 900 of the Revenue Act of 1918 (Comp. St. § 6309⅘a) which reads: "That there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased— * * * (9) Candy, 5 per centum. * * *"

Section 903 (section 6309⅘d) provides that every person liable for any tax imposed by section 900 shall make monthly returns in such manner as the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury, shall prescribe, and that tax, without assessment or notice, shall be due and payable to the collector at the time fixed for filing such return.

Plaintiff contends that the amount of refund claimed by it resulted from its computation of the tax paid by it on the whole price received from its customers, whereas such computation was erroneous, because it was actually a payment of the tax on a tax as well as on the actual price of the candy sold, which was only 95 cents in each dollar of candy sold.

Plaintiff admits that the sales made by it as manufacturer were taxable under the statute, and that the price of candy per pound to its customers was the same after as before the act went into effect. The evidence shows that it did instruct its salesmen, just prior to the effective date of the tax, to notify their customers that the new tax law would not increase the price per pound of their product, and that it would absorb the war tax. The salesmen testified that they had so advised the customers, and two of the customers were produced who corroborated the salesman. One of these bought $5,000 or $6,000 of candy per year, and the other $200 or $300, whereas the plaintiff's monthly sales amounted to more than $50,000.

The sole issue presented involves an interpretation of the phrase used by Congress: "Of the price for which so sold." This language of the statute could not conceivably be simpler. Certainly, if the price at which candy was sold was fixed by trade catalogues or price lists, such as appear in the evidence,

the manufacturer selling at that price cannot be heard to say that he is entitled to deduct the 5 per cent. tax and pay tax at that rate on the 95 per cent. remaining.

The price for which the article sold can certainly mean nothing more nor less than the amount paid by the purchaser to the seller, and under the plain terms of the act that price measures the tax at the prescribed rate. It might be otherwise, as government counsel very pertinently suggests, if the tax was designed to be measured by profits on sales, in which event there might be numerous deductions of costs, charges, and expenses, including taxes paid.

There is nothing in the act to justify plaintiff's contention that, by simply telling its customers that the prices would remain unchanged and that it would absorb and pay the tax, it might relieve itself of the statutory duty to pay the tax on the full price for which its goods were actually sold. A very strained, artificial interpretation of plain, unambiguous terms would be necessary to support the contention that the tax should be borne by a fractional part of the actual price. In the language of the Supreme Court, in Worth Brothers Co. v. Lederer, 251 U. S. 507, 510, 40 S. Ct. 282, 283 (64 L. Ed. 377): "Congress did not intend to subject its legislation to such artificialities and make it depend upon distinctions so refined as to make a part of a shell not the taxable 'part' of the law. * * *"

My conclusion is that the "price" which the plaintiff's customers paid for the candy (and not a part of the price received by plaintiff) was the "price for which so sold," which Congress made the measure of the tax.

Accordingly a judgment may be entered in favor of defendant, dismissing plaintiff's suit at its cost.